IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JASON KOKINDA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-1580-MRH-CRE |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, C.O. PEGRAM, SHELLEY MANKEY, SUSAN COWAN, MR. GEEHRING, JOHN DOE #1, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge.**

This matter is before the Court on *pro se* Plaintiff Jason Kokinda's objections (ECF No. 19-20) to the August 9, 2017, Report and Recommendation ("R&R") of Magistrate Judge Cynthia Reed Eddy, (ECF No. 18). The R&R recommends that the Court grant the above-captioned Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 14) and dismiss Plaintiff's complaint (ECF No. 7) with prejudice.

Plaintiff was electronically served with the R&R and was advised that objections to the R&R were due on or before August 23, 2017. He timely filed objections and a brief within that time period. (ECF Nos. 19-20).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the Magistrate Judge with instructions. *Id.* Upon careful *de novo*

1

review of the complaint, the motion to dismiss, the parties' briefs in connection with the motion to dismiss, the R&R, and the objections and brief in support thereof, the Court concludes that the objections do not undermine the Magistrate Judge's recommended disposition. Therefore, the Court will overrule Plaintiff's objections and adopts the R&R as modified below as the Opinion of the Court in the Order that follows.

The complaint asserts that Officer Pegram violated Plaintiff's Eighth Amendment rights by creepily displaying a "latent sexual interest" for Plaintiff and staring at Plaintiff's groin are on numerous occasions "for an uncomfortable duration" while Plaintiff was in his boxers in the cell. *See* (Compl. at ¶1-2, 19, 23). Plaintiff contends this caused him "severe psychological trauma." *Id.* As explained in the R&R, the Complaint, when accepted as true, fails to state an Eighth Amendment claim because the incidents alleged clearly do not meet the requisite level of severity to survive a motion to dismiss on an Eighth Amendment claim. *See Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998).

The R&R demonstrates the extreme differences between the incidents alleged in Plaintiff's Complaint and the incidents alleged in other cases where much more severe allegations also failed to meet the level of severity for an Eighth Amendment claim. The Court appreciates that "societal standards of decency regarding sexual abuse and its harmful consequences have evolved" over the years, and this evolution can result in the same set of facts producing different outcomes as society progresses. *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015) (concluding *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), would likely have been decided differently in 2015 than it was in 1997). However, consideration of the "societal standards of decency" at present still would not elevate Plaintiff's allegations to an objectively, sufficiently serious level so as to present a claim for an Eighth Amendment violation. *See Jackson v. Holley*, 666 Fed. Appx. 242 (4th Cir.

2016) (finding sexually explicit letter, seductive posing in front of the prison, and pressing one's groin area into the prisoner's face does not amount to an Eighth Amendment violation). In 2010, the Supreme Court held that "not every malevolent touch by a prison guard gives right to a federal cause of action." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). When the alleged incidents involve no physical contact whatsoever, as is the case here, an Eighth Amendment claim generally fails. *Jackson*, 666 Fed. Appx. at 244. In *Jackson*, the prisoner alleged that the staff psychologist at the correctional institution (1) sent the prisoner a "sexually explicit and lurid letter; (2) "posed up seductively before [the prisoner] and whispered sexually explicit words to him; and (3) "planted her groin area in [the prisoner's] face while [he] was seated for [his] haircut in the barber's chair." *Id.* (quotations omitted). The Fourth Circuit concluded that level of conduct is insufficient to state an Eighth Amendment claim.

Plaintiff's asserted Eighth Amendment claim suffers the same fate. The incidents, when accepted as true, do not state the requisite level of severity to make out an Eighth Amendment claim. The Plaintiff's Complaint will be dismissed in its entirety, with prejudice.

Dated: <u>September 5 , 2017.</u>

Mark R. Hornak
United States District Judge

cc: all registered users of CM-ECF

3